SALLIE S. BROWN, Appellant, Respondent, *v.* THE CLEVELAND
TRUST COMPANY, Respondent, Appellant.

First Department, March 4, 1921.

Husband and wife — alimony — agreement to secure payment of
money in lieu of dower, alimony, etc., construed as guaranty on
part of defendant — res judicata — former decision of Appellate
Division between same parties on same issues binding — practical
construction of contract by acquiescing in former judgment —
conveyance of property by husband to defendant in trust as
indemnity does not affect agreement.

Pending divorce proceedings by the plaintiff against her husband, a tripartite
agreement was entered into between the plaintiff, her husband and the
defendant whereby the husband agreed to pay to the plaintiff a certain
sum monthly during the life of the plaintiff and the plaintiff accepted
said payments in lieu of dower, alimony, etc., except as imposed by the
agreement itself. Said agreement then provided that " to secure the
prompt and punctual performance of the obligations " of the husband,
he should convey to the defendant herein certain real estate, and it was
then provided that in case the husband failed to pay said monthly install-
ments the defendant " shall have the right to and shall, on demand of said
party of the second part [the plaintiff], advance the said monthly pay-
ments," and that in case the husband failed to reimburse the defendant
within thirty days the defendant should have the right to provide a fund,
the income from which would be sufficient to provide for said monthly
payments during the life of the plaintiff. On the same day that the
agreement was executed the said property was deeded to the defendant.
The decree of divorce recited the execution of said agreement. For a
while payments were made by the husband, but later, at the request
of the husband and without the knowledge of the plaintiff, the payments
were made by the defendant. Subsequently, default having taken place
in the payments, an action was begun against the defendant herein to
recover the payments due and it was held therein that there was a personal
obligation on the part of the defendant to pay the installments (*Brown* v.
*Cleveland Trust Co.*, 139 App. Div. 932). The defendant did not attempt
to review that decision but paid the judgment and the installments
thereafter falling due till the default on which the present action is based.
*Held*, that said contract was clearly one of guaranty whereby the defendant
obligated itself in case of the default of the plaintiff's husband to pay
the various sums which the latter had agreed to pay under the terms of
the contract, and that the defendant's obligation continued throughout
the lifetime of the plaintiff, and did not end with the exhaustion of the
security which the husband had given to indemnify the defendant.

APP. DIV.— VOL. CXCV.     30

First Department, March, 1921.        [Vol. 195.

Furthermore, the Appellate Division having construed the contract in question to be an absolute guaranty and having affirmed the order of the Special Term granting plaintiff's motion for judgment on the pleadings in the prior action at law for the amount of the installments then due, cannot, in the present action, wherein the plaintiff asks for the same, form of relief as that demanded in the former action, hold otherwise than that the plaintiff is entitled to judgment at law herein; the court is bound by its former decision.

Not only that, but the defendant acquiesced in such prior decision, paid the amount of the judgment awarded in the plaintiff's favor, and thereafter, for a period of five years, without objection or question, continued to pay the plaintiff her said installments. Such action on the part of the parties was a practical construction and interpretation of the contract and was entirely contrary to the present position of the defendant that it was acting simply as a trustee of the plaintiff.

So far as the trust agreement was concerned whereby the plaintiff's husband conveyed to the defendant certain real estate, that transaction was entirely between the husband and the defendant and was merely for the purpose of indemnifying the defendant for any payments which it might be compelled to make to the plaintiff under the terms of the agreement in question.

CROSS-APPEALS by the plaintiff, Sallie S. Brown, and the defendant, The Cleveland Trust Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 24th day of November, 1919, upon the decision of the court rendered after a trial at the New York Trial Term, the jury having been discharged by the court at the request and on consent of all the parties.

*William C. Breed* of counsel [*Eugene W. Leake* and *Edward A. Craighill, Jr.*, with him on the brief; *Breed, Abbott & Morgan*, attorneys], for the plaintiff.

*George Gordon Battle* of counsel [*Frank A. Quail* and *Addison A. Van Tine* with him on the brief; *O'Gorman, Battle & Vandiver*, attorneys], for the defendant.

MERRELL, J.:

On June 2, 1899, an action was pending in the Court of Common Pleas of Cuyahoga county, O., between the plaintiff herein, Sallie S. Brown, and her husband, John Hartness

Brown, wherein the plaintiff sought to obtain a decree of divorce from her said husband. During their married life the plaintiff had resided with her said husband in a magnificent home on Euclid Heights in or near the city of Cleveland, O. Plaintiff's husband was a man of large affairs and apparently of great wealth. For some time he had dealt extensively in real estate, owning a large amount of real property in and about the city of Cleveland, and was engaged in the development and disposition of the same. He was financially aided in his various real estate enterprises by the defendant herein, the Cleveland Trust Company. The divorce action between the plaintiff and her husband having reached a stage where a decree dissolving the marriage relations between the parties was imminent, the plaintiff and her husband reached an agreement whereby plaintiff's husband agreed to make over to her certain household furniture and a small amount of money, and agreed to pay to her each year so long as she lived for her maintenance and support the sum of $2,400, said amount to be paid to her at the rate of $200 in each month so long as she should live. In consideration thereof the plaintiff agreed to release all dower rights in any real property owned by her husband, and to release him from all obligations of every name and nature which the husband was obligated to perform by reason of the marital relationship between the plaintiff and himself. Said sum of $2,400 a year was also to be in lieu of all alimony, maintenance and support, and was to be received by the plaintiff in lieu of dower and all rights of every kind and character which had theretofore accrued or might thereafter accrue to the plaintiff by reason of her marriage with her said husband. Having arrived at an agreement, on June 2, 1899, for the purpose of expressing the same and of securing to the plaintiff the payment of the sum of $200 monthly during the period of her natural life, the husband, John H. Brown, party of the first part, the plaintiff, party of the second part, and the Cleveland Trust Company, the defendant herein, as party of the third part, entered into a written agreement. This agreement provided *first*, that the plaintiff should be paid by her husband the sum of $2,400 per year payable in equal monthly installments of $200, on the first day of each and every month from the date of the agreement

" during the life of said party of the second part," provided plaintiff did not remarry, and in event of her remarriage then the amount to be paid by her husband was to be reduced by one-half, and after such remarriage the plaintiff was to be paid the sum of $100 per month during the remainder of her natural life. In consideration thereof the plaintiff, in and by said agreement, accepted said payments as above specified, " in lieu of all her dower or contingent right of dower, in the real estate of the said party of the first part, and in lieu of all claims against said party of the first part, for alimony, alimony *pendente lite,* maintenance and support, and all other claims and demands of every kind and character," except as imposed by the agreement itself. The agreement thus provided, *first,* for the payment to the plaintiff by her husband of $200 per month during the remainder of her natural life or until she should remarry, and upon her remarriage that then during the remainder of her natural life her husband would pay to her the sum of $100 per month, and that in consideration thereof the plaintiff was to release all claims for dower, maintenance, support or otherwise, growing out of her marriage with her said husband. These agreements were purely between the husband and the wife.

The tripartite agreement then, " to secure the prompt and punctual performance of the obligations of the party of the first part " (plaintiff's husband) under the terms of the agreement, provided that the husband should convey to the defendant, the Cleveland Trust Company, his residence property known as sublot No. 34 of the Euclid Heights allotment in Cuyahoga county, O. The agreement recites that for such purpose, to wit, to secure the prompt and punctual performance of the husband's obligation, he had that day conveyed to said defendant, the Cleveland Trust Company, said property together with all the appurtenances, in trust and upon certain terms and conditions specified in said agreement. Briefly stated, the conditions were that the trustee should hold the premises *during the life* of the plaintiff or until her husband should have delivered to the Cleveland Trust Company bonds, stocks or other property sufficient in the opinion of the officers of said trust company to entirely and safely secure the punctual payment of said sum of $2,400 per annum by the husband to

the wife. The trustee was to keep the property insured in such amount as in its judgment would safely and amply protect the interests of the wife, and the cost thereof was to be paid by the husband. The buildings were to be kept in repair by the husband, and all taxes were to be paid by him, or, in default thereof, the trustee might pay such taxes or make such repairs, and the expenses should be a lien upon said premises.

The contract then provided as follows: " In the event said party of the first part fails to pay to the party of the second part [plaintiff herein] any of said monthly payments hereinbefore provided, said party of the third part [the trust company] shall have the right to and *shall, on demand of said party of the second part, advance the said monthly payments at the rate of $200 per month to the said party of the second part * * *.* "

The contract further provided that in the event that the said Cleveland Trust Company made advances for the purpose aforesaid the husband agreed, after thirty days' written notice to him from the said party of the third part, to reimburse it for any and all such advances or expenses, and that the said trust company should have the right if it deemed necessary to protect the plaintiff by providing a fund the income from which would be sufficient to provide for the payment of the monthly sums then due and payable to the plaintiff and to become due and payable *during the remainder of her natural life.*

The agreement further provided that upon the death of the wife any part of the property thus left with the trust company as security and unexpended by it should be returned to the husband by the said trust company.

On the same day when the said tripartite agreement was executed, plaintiff's husband conveyed to the defendant in trust said real estate by a full covenant warranty deed in which plaintiff joined releasing her inchoate right of dower in said premises. On June 9, 1899, said deed was duly recorded, and on the same day a decree of divorce was entered in said action in plaintiff's favor. Among other things, the decree recited that " the parties hereto have agreed upon their respective property rights as follows, namely, that in lieu of

alimony, dower and all other rights the defendant has agreed to pay to the plaintiff the sum of $2,400 per year in equal monthly installments of $200 each, payable on the first day of each and every month during her natural life, * * * and *that provision has by contract been made to secure the payment of said sums.*" The decree ordered: " That the plaintiff shall hereafter upon the reasonable request of the defendant join him in any conveyance when it is necessary that her apparent dower in his properties should be released, and that upon failure of the plaintiff so to do, this decree shall operate as a release of such dower." At the time of the entry of this decree of divorce plaintiff's husband was a man apparently of large means, was a depositor with the defendant and associated with the defendant in extensive real estate dealings, until the property conveyed in trust was sold upon foreclosure sale in 1915. The property conveyed by Brown to the defendant was one of the show places of the city of Cleveland, and occupied a commanding position overlooking the lake. The house upon the property had been occupied by the parties during their married life and was built of graystone in Gothic style and stood on fine grounds and surroundings. Concededly the property at this time at a fair appraisal was worth from $75,000 to $80,000. From the time of the execution of the deed of trust to secure the payment of the monthly installments by the husband to the plaintiff, the husband was permitted by the trust company to remain in possession of the property which he had conveyed to it, rent free, and never from the time of the execution of the deed to the trust company until the final sale of the property on foreclosure was the husband compelled to pay a dollar for the use and occupation of said premises. It seems to be conceded that the fair rental value of the property during this period was far in excess of the amount which the trust company had obligated itself to pay to the plaintiff for her maintenance and support.

Following the execution of the agreement and until the latter part of 1903, plaintiff's husband paid to plaintiff the agreed monthly installments. These payments were sent by the husband's secretary in form of drafts of the defendant, Cleveland Trust Company, upon the Seaboard National Bank of New York, payable to the plaintiff's order. December 23,

1903, without the knowledge of the plaintiff, her husband wrote to the defendant as follows:

" *December* 23, 1903.
" CLEVELAND TRUST COMPANY,
           " City:

" GENTLEMEN.— Kindly pay $200 monthly to Mrs. Sallie Spencer Brown, together with taxes against my property on Euclid Heights, until you receive further notice from me, and oblige,      Very truly yours,

          " JOHN HARTNESS BROWN."

Following this request and from May, 1904, to July, 1908, the defendant forwarded to the plaintiff monthly the sum of $200 in the same form of drafts drawn by the defendant upon the Seaboard National Bank of New York and payable to plaintiff's order. It will be noted that these payments were not made in response to any request on the part of the plaintiff, but entirely upon the request of the husband. The plaintiff testified that her first information that these payments were being made by the defendant instead of by her husband, and that the defendant was advancing taxes on the property, was on February 10, 1908, when she received a written statement showing advances made by the defendant between December 21, 1903, and January 29, 1908, aggregating $13,070.85. This amount included interest items charged by the defendant and compounded semi-annually amounting to over $1,300. The defendant continued to make the monthly advancements to plaintiff of $200 for the months of March, April, May and June, thereby swelling its total advancements, together with interest charged, to $14,326.80. It appears that during this period when the defendant claims to have made the advancements of the amounts which plaintiff's husband was primarily obligated to pay from 1903 to 1908, plaintiff's husband maintained on deposit with the defendant a considerable sum of money at all times, and that on May 5, 1905, his deposited balance exceeded the total amount which had then been advanced by the defendant under the agreement of June 2, 1899. It does not appear that the defendant made any effort to reimburse itself from said funds of the husband on deposit with it for the advancements which it had thus

made. On June 22, 1908, the defendant wrote the plaintiff as follows: " We have heretofore advanced you certain sums of money, under the provisions of the contract dated June 2nd, 1899, between John H. Brown, Sallie S. Brown and The Cleveland Trust Company, a statement of which advances has been furnished to you. We have requested Mr. Brown to reimburse us for these payments, and have today notified him that unless he reimburses us for the entire amount of our advances on or before August 1st, 1908, we will resort to a sale of the property for that purpose, and to establish a fund for the payment of your annuity of $2400 as per the conditions of said agreement."

Plaintiff's husband did not reimburse the defendant as it wrote plaintiff it had required, and never paid anything on that account until December 27, 1911, when the advances and charges made by the defendant had amounted to over $30,000. Notwithstanding this fact, the defendant did not resort to a sale of the property until September 18, 1915, more than seven years after writing the plaintiff as aforesaid and when defendant's claims against the property were more than the proceeds from the foreclosure sale.

The installment payable to the plaintiff on July 1, 1908, was not paid by either Brown or the defendant, nor were said installments paid thereafter down to and including the installment for February, 1909. Plaintiff thereupon commenced an action in the Supreme Court of this State against the defendant, Cleveland Trust Company, to recover at law for the monthly payments due from July, 1908, to February, 1909, inclusive. The complaint in that action was substantially like that in the present action and was based upon the tripartite agreement between the parties of June 2, 1899. The plaintiff in that action alleged the failure of her husband to pay and her demand upon the defendant and its refusal to make payment of the monthly installments aforesaid. The defendant demurred to plaintiff's complaint on the ground that it did not state facts sufficient to constitute a cause of action. Plaintiff then moved for judgment on the pleadings, and her motion was granted by the Special Term in New York county, and judgment in plaintiff's favor and against defendant was entered for $5,915.50, covering the installments from

July 1, 1908, to September 1, 1910, together with interest and costs. The defendant appealed to this court from the order overruling its demurrer and granting plaintiff's motion for judgment upon the pleadings. The Special Term was unanimously affirmed by this court. No opinion was written, either at Special Term or in the Appellate Division, but an examination of the record shows that the defendant upon that appeal raised the precise questions that it presents upon this appeal, claiming that it was a mere stakeholder and trustee for the plaintiff under said agreement, and was neither a surety nor a guarantor for the payment of the installments plaintiff's due. This court, in overruling the demurrer and granting plaintiff's motion for judgment on the pleadings, manifestly held that there was a personal obligation on the part of the defendant to pay the installments claimed by the plaintiff, and directed judgment in plaintiff's favor at law for the amount of such installments with interest and costs. (*Brown* v. *Cleveland Trust Co.*, 139 App. Div. 932.) Defendant did not attempt to further review the decision of this court, but following said decision paid the amount of the judgment, charging against the trust property not only the amount of the arrears so paid and the accrued interest thereon, but also the court costs, counsel fees and all other expenses incurred by it in defending plaintiff's said action. Thereafter the defendant, Cleveland Trust Company, paid the plaintiff $200 each month down to and including September, 1915, when it ceased to make further payments. Thereupon the plaintiff brought the present action at law to recover the monthly payments which had accrued to the time of the commencement of the present action, together with interest thereon.

The defendant answered herein raising the same issues as those presented upon the first action and seeks to avoid liability in the present action, as it did before, upon the ground that by the tripartite agreement it was merely constituted a stakeholder and trustee for the benefit of the plaintiff, and the trust fund confided to it having been exhausted there is no further obligation on its part to pay the plaintiff the installments mentioned in said agreement.

The case coming on for trial, both parties consented that the jury be excused, and that the case be determined by the

court without a jury, and that the pleadings might be amended in so far as the court found necessary for the disposition of the issues between the parties, either at law or in equity, except there was reserved to the plaintiff the right to sue the defendant in the Ohio courts for neglect of duty. Thereupon the trial court held that the agreement of June 2, 1899, did not constitute the defendant a guarantor of the payment of $200 a month to the plaintiff, and that it merely constituted the defendant a trustee of the plaintiff and not a guarantor, and thereupon the court directed an accounting on the part of the defendant of its acts as trustee. The defendant filed an account in the action showing that its disbursements and charges in behalf of the trust aggregated $62,660.62, and that its total receipts were $55,853.84. The receipts were made up of the proceeds from the sale of the Euclid Heights residential property at foreclosure and moneys paid to the defendant directly by John H. Brown, plaintiff's husband, during the years 1911 to 1914. The expenses with which the trustee credited itself consisted of expense incurred in the first action brought by the plaintiff to secure her monthly installments, the expense of the defendant in the present action, the cost of the foreclosure of defendant's lien upon the property conveyed to it in trust, moneys claimed to have been expended by the defendant with reference to acquiring title to the so-called " barn lot " adjacent to the trust property, advancements made to the plaintiff, including the amount of the judgment awarded her in the first New York action, taxes paid upon the property, insurance, interest on advances made, compounded semi-annually to 1908, and quarterly thereafter, fees of the trustee from 1899 to 1911, compensation of the trustee from 1911 to 1915, and some miscellaneous items. The total amount with which the defendant credited itself being $62,660.62, as above stated.

To the account thus filed the plaintiff objected, upon the ground that the items with which the trustee had credited itself should not be allowed because had the trustee used due care and diligence in the management of the trust it could have kept the trust fund intact; and, second, that as to items aggregating $26,606.56 with which the trustee credited itself in such account, the same were improper charges against the

trust fund. These claimed improper charges consisted of expenses incurred by the trustee in the first New York action, the expenses of the present action, the expenditure in respect to the barn lot, the compound interest items amounting to $12,821.33, and the compensation charged by the trustee, amounting to $3,075. The plaintiff asked that the account be surcharged with the difference between the price received for the trust property in 1915, $34,000, and the amount that would have been received therefor had the trustee performed its duty and sold the property within a reasonable time after it commenced to depreciate in 1907, and that said account also be surcharged with a sum sufficient to offset any credits that might be allowed to the trustee because the trustee could and should have kept the trust fund intact, either by obtaining income from the trust property or by obtaining reimbursement from plaintiff's husband in any one or more of several ways open to it.

By the judgment of the court below, from which both parties have appealed, the court assumed that the $21,771.48 received from plaintiff's husband directly after the entry of the foreclosure decree in December, 1911, might have been collected from him and applied as accumulated monthly payments to plaintiff and other necessary expenses of the trust becoming due subsequent to December 21, 1903, when the trust company first commenced to make advancements. The court held that had this been done there would have been no unpaid charges against the trust property prior to July 28, 1911, when plaintiff's husband would have defaulted. The court then allowed as a reasonable time within which to take suitable action to protect the plaintiff's interests the defendant should be allowed a year and a half, and from the expiration of said period, January 28, 1913, the court charged the defendant with interest on the $34,000 received from the sale of the property in 1915 at four per cent, and allowed the defendant to deduct therefrom all advances made by it subsequent to June 28, 1911, excluding, however, from such allowances the amount of the depreciation of the barn lot subsequent to its transfer to the trust company in 1908. Upon this basis the court found that on the date of the entry of judgment herein, November 24, 1919, the defendant should have had in its hands

First Department, March 1921. · [Vol. 195.

of said trust funds, $25,832.57. From this amount the court directed that it pay the plaintiff the arrears due her from October 1, 1915, to June 1, 1919, together with interest amounting to $9,943.27, and that from the balance the defendant should pay the plaintiff $200 a month from income and so much of the principal as might be necessary to make such monthly payments until such funds should be exhausted. Both parties appealed from the judgment entered upon such decision by the trial court. The plaintiff's appeal is upon the ground that the trial court improperly held that under the terms of the contract sued upon defendant's liability was not that of a guarantor but merely that of a trustee for the plaintiff, and that even assuming that the contract be construed as one of trust merely for the benefit of the plaintiff, the provision made by the court was inadequate. The defendant appeals from each and every part of the judgment and from the order denying its motion to reopen the trial.

It seems to me that the learned trial court was clearly in error in its construction of the tripartite agreement between the parties.

As I interpret that agreement it provided primarily in consideration of plaintiff's releasing all dower, alimony, claim for support and maintenance, and all other rights accruing to her as the wife of John H. Brown, that the latter agreed to pay to her $200 per month during the remainder of her life or until she should remarry and in the event of her remarriage that he should pay her during the remainder of her natural life the sum of $100 per month. This obligation on the part of the husband was the primary office of the agreement. To secure to plaintiff faithful performance on the part of her husband, the defendant agreed that in the event of the husband's failure to pay to the plaintiff the said monthly payments therein by the contract provided, it would, upon demand of the plaintiff, advance to her the said monthly payments. Throughout the agreement the only monthly payments mentioned are those dependent upon and limited by the natural life of the plaintiff. The defendant does not contract to pay these monthly payments so long as the security which it received remained intact, but manifestly by · the agreement, without any limitation whatever save the lifetime of the plain-

tiff, agreed, upon her husband's default and upon her demand, to pay her said monthly installments. I am unable to see how this court, having already construed the contract in question to be that of an absolute guaranty and having affirmed the order of the Special Term granting plaintiff's motion for judgment upon the pleadings in an action at law for the amount of installments due thereon, can, in the present action, wherein the plaintiff asks for the same form of relief as that demanded in the former action, hold otherwise than that the plaintiff is entitled to judgment at law herein. It seems to me this court is bound by its former decision. (*Brown* v. *Cleveland Trust Co.,* 139 App. Div. 932.) At the time when the case reached this court precisely the same claims were presented as confront us now, and in granting plaintiff's motion for judgment on the pleadings this court necessarily held that there was a personal obligation on the part of the defendant to pay said installments under said contract. Not only that, but the defendant acquiesced in such decision, paid up the amount of the judgment awarded in plaintiff's favor, and thereafter, for the period of five years, without objection or question, continued to pay the plaintiff her said installments. Such action on the part of the parties was a practical construction and interpretation of the contract and was entirely contrary to the present position of the defendant that it was acting simply as a trustee for the plaintiff. As was said in *Insurance Co.* v. *Dutcher* (95 U. S. 269, 273): "There is no surer way to find out what parties meant than to see what they have done." And in *Nicoll* v. *Sands* (131 N. Y. 19, 24) it was said: "The practical construction put upon a contract by the parties to it, is sometimes almost conclusive as to its meaning." In *City of New York* v. *New York City R. Co.* (193 N. Y. 548) it was said: "When the parties to a contract of doubtful meaning, guided by self-interest, enforce it for a long time by a consistent and uniform course of conduct, so as to give it a practical meaning, the courts will treat it as having that meaning, even if as an original proposition they might have given it a different one." (See, also, *Carthage Tissue Paper Mills* v. *Village of Carthage,* 200 N. Y. 1, 14.)

For ten years after the execution of said agreement the defendant and all the parties seem not to have considered that

the said defendant was acting as trustee. It was only after the commencement of the action by the plaintiff against the defendant in 1909 that the defendant seems to have evolved the notion that it was acting as trustee for the plaintiff. Originally its books showed that the advancements were made as " Trustee for John H. Brown," but at some time later on were altered by the addition of the words, " and Sallie S. Brown."

Moreover, the instrument itself is replete with evidence that parties at the time regarded the obligation of the defendant as a personal one enduring throughout the lifetime of the plaintiff. It strikes me that so far as the trust agreement was concerned whereby the plaintiff's husband conveyed to the defendant his residential real estate in Cleveland, the transaction was entirely between the husband and the defendant and was merely for the purpose of indemnifying the defendant for any payments which it might be compelled to make to the plaintiff under the terms of the agreement. The plaintiff was in nowise concerned as to any of the details with reference to the security thus held by the defendant. All that the plaintiff was concerned in was that she should receive from some one, either from her husband, who was primarily liable, or from his guarantor, the defendant, her monthly installments during the term of her natural life. The instrument itself uses the words " trust " and " trustee " only in connection with the agreement of plaintiff's husband to indemnify the defendant. The defendant is known in the instrument as an individual and not as a trustee and it executed the instrument in the same manner, and throughout the instrument it appears that it is obligated individually and not as trustee. At no time was the plaintiff given any control over the trust property or the income derived therefrom. The trust was entirely between the defendant and plaintiff's husband, the principal obligor. By the terms of the agreement the plaintiff was in nowise interested in the sale of the property by the trust company, but that was dependent entirely on the consent of plaintiff's husband, upon thirty days' written notice under specified conditions. It is true the agreement provided as a part of the indemnification that plaintiff's husband should pay all taxes and insurance and keep the property in repair, and in default thereof the defendant was authorized

to attend to the same and the expenditures in that behalf were made a lien upon the property conveyed in trust. The agreement contained no provision that the trust company's obligation should cease upon the exhaustion of the security in its hands. Had such been the intention it would have been a reasonable thing to have so provided, and the same could have been accomplished by the use of the simplest language. The agreement was that the defendant should pay on demand to the plaintiff in the event of her husband's default the various monthly installments. I am of the opinion that this clearly bound the defendant as an individual without reference to the sufficiency of any security which it might have seen fit to obtain from plaintiff's husband to indemnify it upon his obligation. (*Taylor* v. *Davis*, 110 U. S. 330.)

I am, therefore, of the opinion that the learned trial court was in error in holding that defendant was not personally obligated upon the contract in question. I think said contract was clearly one of guaranty whereby the defendant obligated itself in case of the default of plaintiff's husband to pay the various sums which the latter had agreed to pay under the terms of the contract, and that defendant's obligation continued throughout the lifetime of the plaintiff, and did not end with the exhaustion of the security which the husband had given to indemnify the defendant.

All findings of fact contained in the decision of the trial court which are inconsistent with the views above expressed should be disapproved and in the place thereof new findings made in accordance herewith.

The judgment appealed from should be modified so as to award the plaintiff judgment to the amount of all unpaid monthly installments prior to the commencement of the action, together with interest and costs, and as modified affirmed, with costs to the plaintiff of this appeal.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

GREENBAUM, J. (concurring):

I concur. The judgment for $5,915.50 heretofore entered upon the plaintiff's motion for judgment upon the pleadings

having been affirmed by this court upon appeal and no appeal having been taken to the Court of Appeals from the judgment of affirmance, is a conclusive adjudication of the right of the plaintiff to recover from defendant the sum of $200 monthly during her lifetime.

Judgment modified as directed in opinion and as so modified affirmed, with costs to plaintiff. Settle order on notice.